NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GUITTA ELZOGBY, | |
| Plaintiff, | Case No. 3:16-cv-4013-BRM-TJB |
| v. | **OPINION** |
| TARGET CORPORATION, *et al.*, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Target Corporation's ("Target") Motion for Summary Judgment. (ECF No. 23.) Plaintiff Guitta Elzogby ("Elzogby") opposes the Motion. (ECF No. 26.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(6), for the reasons set forth below and for good cause shown, Target's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

Elzogby initiated this action in the Superior Court of New Jersey, seeking to recover money damages for injuries suffered after she slipped and fell in Target's retail store located in South Brunswick, Monmouth Junction on February 24, 2015. (ECF No. 23-2 ¶ 4 and ECF No. 26 at 1 ¶ 4.) Target removed the action to the District Court of New Jersey, claiming diversity among the parties afforded federal jurisdiction. (ECF No. 1.) Discovery was conducted, and this Motion followed. (ECF No. 23.)

Elzogby contests several issues of fact asserted by Target. While the Court ultimately finds there is no genuine issue for trial as to any of the material facts, the Court addresses Elzogby's

challenges below and draws all justifiable inferences in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment); *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) ("In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" (quoting *Anderson*, 477 U.S. at 255)).

On February 25, 2015, Elzogby "slipped and fell after walking several feet into the Defendant Target's store, passing the customer service area which was near the entrance." Her fall was near "clothes or shoes or something or maybe bags." (ECF No. 26 at 1 ¶ 5 and ECF No. 23-3 at 55:1-3.) "After falling, she observed water on the floor," covering an area of about six inches, "but no other marks or debris." (*Id.*) She continued to shop after the incident, checked out her purchase but did not report the incident to anyone at Target the day it occurred. (ECF No. 23-2 ¶¶ 8, 23 and Ex. E to ECF No. 26 ¶ 8, 23.) Instead, Elzogby's brother reported the incident to a Target store team leader, Craig Kennedy, and an incident report was prepared. (ECF No. 23-2 ¶ 11.) When her brother was asked what caused the fall, he reported "water but unsure." (ECF No. 23-2 ¶ 12 and ECF No. 26 ¶ 12.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it

has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino*, 358 F.3d at 247 (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence

and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III. DECISION

Target moves for summary judgment, arguing Elzogby cannot prove negligence because she cannot establish Target had actual or constructive notice of a dangerous condition that caused her fall. (ECF No. 23-4 at 6.) Target also contends the mode-of-operation rule, which Elzogby asserts is applicable to this case, does not apply because Elzogby failed to establish "a casual nexus between the dangerous condition that caused [her] injuries, and a self-service component of the business that created that dangerous condition." (*Id*. at 10.)

In response, Elzogby argues "[g]iven [Target's] ample resources geared toward inspection and maintenance of the property, including their use of store cameras to monitor patrons and dangerous conditions on the property, [Target] should have been aware of the wet floor condition as they had ample constructive notice of it." (ECF No. 26 at 4.) Elzogby also contends the mode-of-operation rule applies because Target "provides food and drink to be sold to patrons within the store" and "[p]atrons are permitted to purchase these items and walk into the store." (*Id*. at 8.)

Ultimately, there are two issues to be resolved: (1) whether Target had actual or

4

constructive notice of the dangerous condition that caused Elzogby to slip and fall; and (2) whether the mode-of-operation rule applies to the facts of this case. The Court will address both disputes in turn.

### A. Breach of Duty

Target contends Elzogby cannot prove negligence because she cannot establish Target had constructive notice of a dangerous condition that caused her fall. (ECF No. 23-4 at 6.) Elzogby argues "[g]iven [Target's] ample resources geared toward inspection and maintenance of the property, including their use of store cameras to monitor patrons and dangerous conditions on the property, [target] should have been aware of the wet floor condition as they had ample constructive notice of it." (ECF No. 26 at 4.)

To prove a negligence claim under New Jersey law, a plaintiff "must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiff's injuries." *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 745 (3d Cir. 1990). In New Jersey, "business owners owe invitees a duty of reasonable care to guard against dangerous conditions about which they know or should have known." *Layden v. Target Corp.*, 768 F. App'x 152, 156 (3d Cir. 2019) (citing *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1113 (N.J. 1993)). In the absence of an exception, a business owner is generally not held liable for injuries when there is "no actual or implied knowledge or notice, and no reasonable opportunity to discover" the dangerous condition on the premises. *Brown v. Racquet Club of Bricktown*, 471 A.2d 25, 30 (N.J. 1984).

The plaintiff, therefore, bears the burden of proving "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). Constructive knowledge is established when the dangerous condition "existed for such a length of time that [the defendant] should have known of

5

its presence." *Prioleau v. Kentucky Fried Chicken, Inc.*, 85 A.3d 1015, 1022 (N.J. Super. Ct. App. Div. 2014), *aff'd*, 122 A.3d 328 (N.J. 2015) (quoting *Bozza v. Vornado, Inc.*, 200 A.2d 777, 779 (N.J. 1964)).

Initially, the Court finds Target has sufficiently met its Rule 56 burden to show entitlement to summary judgment because it has adequately "inform[ed] the district court of the basis for its motion, and identif[ied] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at 323. Specifically, Target states: (1) Elzogby's brother did not report the accident until the next day; (2) there were no cart marks or dirt in the water; and (3) there were no witnesses to the accident. Consequently, Target contends Elzogby cannot prove actual or constructive notice. By arguing there does not exist "sufficient evidentiary basis on which a reasonable jury could find for [Elzogby]," *see Kaucher*, 455 F.3d at 423 (defining a genuine factual dispute), Target sufficiently demonstrates, for the purpose of meeting its initial burden, the absence of a genuine issue of material fact.

Having found Target adequately supported its Motion, the burden shifts to Elzogby to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Elzogby fails to meet this burden.

Elzogby argues only constructive notice. Specifically, she contends Target's "ample resources toward inspection and maintenance of the property, including their use of store cameras to monitor patrons and dangerous conditions on the property, [Target] should have been aware of the wet floor condition as they had ample constructive notice of it." (ECF No. 26 at 4.) She does not argue, nor is there any evidence, that Target knew the water was on the floor.

To prove constructive notice, Elzogby must establish that the water laid on the floor "for such a length of time that [Target] should have known of its presence." *Layden*, 768 F. App'x at 156 (quoting *Bozza*, 200 A.2d at 779). However, she does not. There is no evidence that anyone but Elzogby saw the water on the floor, after her fall. *See, e.g.*, *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016) (affirming summary judgment where there were no eyewitnesses to the condition). In addition, "[n]o demonstrated characteristics of the [water] suggest that it had lain on the floor for an unreasonably long time." *Id.* Elzogby concedes there was no "dirt" or "any cart marks in the substance." (ECF No. 23-2 ¶¶ 21-22 and ECF No. 26 ¶¶ 21-22.) *See, e.g.*, *Troupe*, 129 A.3d at 1114 (affirming summary judgment where there was "nothing about the characteristics of the berry [causing the fall] that would indicate how long it had been there"); *Milacci v. Mato Realty Co.*, 525 A.2d 1120, 1122 (N.J. Super. Ct. App. Div. 1987) (finding that an "accumulation of sand and dirt" suggests the condition existed for some time). Lastly, Elzogby fails to point to video evidence to corroborate a liquid water was on the floor for a length of time prior to her fall. Elzogby fails to offer evidence from which a reasonable factfinder could conclude Target had actual or constructive notice of the water that allegedly caused her injuries. Because Elzogby cannot establish that Target had notice of the allegedly dangerous condition, she cannot establish Target breached its duty of care.

### B. Mode-of-Operation

Elzogby argues that Target's mode of operation relieves her obligation to prove notice. (ECF No. 26 at 7-8.) Target contends the mode-of-operation exception does not apply because there is no causal nexus between the water she allegedly slipped on and a self-service component of Target that created that dangerous condition. (ECF No. 23-4 at 10.)

Under the mode-of-operation rule, "a plaintiff is relieved from proving that the defendant had notice of the dangerous condition where 'as a matter of probability, a dangerous condition is

likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents.'" *Goldsack v. Wal-Mart Stores, Inc.*, No. 16-5354S, 2018 WL 4300124, at *3 (D.N.J. Sept. 6, 2018) (quoting *Kelly v. Ruby Tuesday Rest.*, No. 12-2034, 2013 WL 4731812, at *2 (D.N.J. Sept. 3, 2013)). "This inference relieves the plaintiff of proving that the defendant had actual or constructive notice of the dangerous condition and instead requires the defendant to show that it did 'all that a reasonably prudent man would do in light of the risk of injury [the mode of operation] entailed.'" *Valentin v. Toys R Us, Inc.*, No. A-3326-07T3, 2010 WL 3075749, at *2 (N.J. Super. Ct. App. Div. July 15, 2010) (quoting *Wollerman v. Grand Union Stores, Inc.*, 221 A.2d 513, 515 (N.J. 1966)); *see also Nisivoccia*, 818 A.2d at 317 ("[W]e held that when it is the nature of the business that creates the hazard, the inference of negligence thus raised shifts the burden to the defendant to 'negate the inference by submitting evidence of due care.'" (quoting *Bozza*, 200 A.2d at 780)). For example, in *Bozza*, the court applied the mode-of-operation rule where the plaintiff slipped and fell on a sticky, slimy substance after having ordered a drink at the counter of the self-serve cafeteria. 200 A.2d at 779.

"In those circumstances, the burden shifts to the defendant, and the [plaintiff-]business invitee receiv[es] an inference of negligence without having to prove that the [defendant-]business owner had actual or constructive notice of the dangerous condition that caused the accident." *Goldsack*, 2018 WL 4300124, at *3. This inference only applies, however, when a plaintiff can "establish a connection between the allegedly dangerous business practice and the identified cause of the plaintiff's injuries." *Kelly*, 2013 WL 4731812, at *3; *see Cashour v. Dover Parkade, LLC*, No. A-4241-11T2, 2013 WL 560914, *6 (N.J. Super. Ct. App. Div. Feb. 15, 2013) (finding prior mode of operation cases "all involved a direct causal link between the object slipped on and its known source, the latter originating in a particular circumstance, manner or method by which

8

defendant operated its business"). The mode-of-operation exception will not apply "where there is no evidence that the location in which [the] plaintiff's accident occurred . . . bears the slightest relationship to any self-service component of [the] defendant's business." *Goldsack*, 2018 WL 4300124, at *3.

Here, without any supporting evidence, Elzogby relies on *Ryder v. Ocean Cty. Mall*, 340 774 A.2d 700, 703 (N.J. Super. Ct. App. Div. 2001) and claims Target has "self service food and drink sales and patrons are permitted to take their food and drink with them as they shop in the store," and therefore she should be relieved of her burden of proving notice. (ECF No. 26 at 7.)

In *Ryder*, a mall patron slipped and fell on a drink spilled in a common area of the mall. It was confirmed the drink she fell on came from the food court. *Ryder*, 774 A.2d at 702. The court found the mode-of-operational rule applied if a mall allows eating and drinking in its common areas. *Id.* 703. The court reasoned that when a "Mall does not restrict the carrying of, or consumption of, food and drink anywhere in the common areas . . . the Mall becomes the functional equivalent of a cafeteria." *Id.* The court noted the area where Ryder fell was near were patrons were accustomed to sit and eat and that it was "not uncommon to get reports of one or more spills everyday and more spills are reported on weekends and during the holiday season." *Id.* As such, the court concluded that because the mall, like a cafeteria, "can reasonably be charged with notice that food and drink spills are likely to occur and do occur anywhere and at any time in the common areas." *Id.*

The facts in this case are distinguishable from those in *Ryder*, and therefore the mode-of-operations rule does not apply. Here, there is no evidence the accident occurred in an area of Target where customers were allowed to consume beverages, no evidence the incident occurred where spills were common, and no evidence she slipped on something sold by Target. Elzogby merely

alleges, without any citation to the record, that Target provides food and drinks to be sold and that patrons are permitted to purchase these items and walk into the store. "An inference [of negligence] can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." *Layden v. Target Corp.*, No. 15-3467, 2018 WL 3122334, at *1 (D.N.J. June 25, 2018), *aff'd sub nom.*, 768 F. App'x 152 (3d Cir. 2019) (quoting *Long v. Landy*, 171 A.2d 1, 7 (N.J. 1961)); *Prioleau*, 85 A.3d at 1027. Elzogby must establish a "nexus between the self-service aspect of [Target's] business and [her] injury." *Prioleau v. Ky. Fried Chicken, Inc.*, 122 A.3d 328, 337 (N.J. 2015). Elzogby offers no evidence that a dangerous condition occurred as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents.

In addition to be being factually distinguishable, *Ryder* was decided prior to the New Jersey Supreme Court opinion in *Prioleau*, wherein the Court clarified and reestablished the mode-of-operation's narrow scope. *Prioleau* involved a slip and fall near a bathroom at a Kentucky Fried Chicken restaurant caused by either grease tracked from the kitchen or water brought into the store by customers on a rainy day. *Id.* at 328. The Court found there was no evidence that the location in which the plaintiff's accident occurred had a relationship to any self-service component of Kentucky Fried Chicken. *Id.* at 339. The Court explained why the mode-of-operation doctrine was inapplicable:

> The theory offered by plaintiff to justify the mode-of-operation charge, that oil and grease are used in cooking at the restaurant and that managers regularly examined the floor, establishes no nexus to customer self-service or related business operations. If the accident occurred because restaurant employees tracked oil and grease from the kitchen to the restroom area, it resulted from the preparation of food in a kitchen area off limits to patrons, a component of the business in which customers played no part. While that evidence might support a finding that a plaintiff need not show actual or constructive notice because the condition was created by defendant

> or its employees, it does not implicate the mode-of-operation rule. Nor does plaintiff's alternative theory of negligence that patrons tracked water from the outdoors into the restaurant on a rainy evening bear any relationship to self-service activities. The potential for customers to track water into a building during inclement weather is not contingent on a defendant's business model; that risk exists in virtually any facility that admits patrons from public sidewalks or parking areas into its facility. Thus, plaintiff's second theory of negligence does not support the jury charge given by the trial court.

*Id.* (citations omitted).

Like in *Prioleau*, nothing in the record suggests that when Elzogby fell she was engaged in or in contact with any self-service activity or that patrons were carrying food or beverages in the area where she fell. The Court cannot draw an inference that the accident was related to any self-service component of Target's business. The causal nexus required by *Prioleau* is lacking. As such the mode-of-operation exception to notice does not apply. Accordingly, Target's Motion for Summary Judgment is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Target's Motion for Summary Judgment is **GRANTED**. An appropriate Order will follow.


**Date:** August 19, 2019

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**